THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ERC SPECIALISTS, LLC, a Utah limited liability company,<br><br>                Plaintiff,<br><br>v.<br><br>THE BORING COMPANY LLC dba TRENCHLESS EVOLUTIONS LLC,<br><br>                Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [6] DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:25-cv-00387-DBB-CMR<br><br>District Judge David Barlow |

Before the court is Defendant's Motion to Dismiss ERC Specialists LLC's ("ERC") complaint.[1] ERC alleges that Defendant Trenchless Evolutions LLC's ("Trenchless") breached an Employee Retention Credit Services Agreement ("Agreement") with ERC.[2] Trenchless has moved to dismiss based on an arbitration clause within the Agreement.[3]

## BACKGROUND

ERC is a Utah limited liability company that provides tax filing services for businesses that wish to apply for the Employee Retention Credit under the CARES Act.[4] On August 10, 2022, Trenchless signed an Agreement with ERC in which ERC agreed to provide its Employee Retention Credit services to Trenchless in exchange for a fifteen percent share of any credit

---

[1] Def. Mot. to Dismiss ("MTD") 1, ECF No. 6, filed May 22, 2025.
[2] Compl. ¶¶ 23–25, ECF No. 2-2, filed May 15, 2025.
[3] MTD 1.
[4] Compl. ¶ 9.

issued to Trenchless as a result of ERC's work.[5] The agreement also contains a "Mediation and Arbitration" clause that states:

> 12. Mediation and Arbitration:
>
> If a dispute arises from or related to this Agreement or the breach thereof, and if the dispute cannot be settled through direct discussions, then the parties agree to engage in mediation through a mutually agreed-upon mediator. Thereafter, the parties agree to arbitrate any issues that are not resolved through mediation.[6]

The Agreement has a choice of law provision that requires it to be "governed and construed in all respects according to the laws of the state of Utah."[7] ERC alleges in its Complaint that Trenchless breached its contractual duties under the Agreement by failing to pay the fee it owed to ERC for the services that ERC rendered.[8]

Trenchless moves to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[9] Trenchless argues that the "Mediation and Arbitration" provision of the Agreement is valid and enforceable and that the current dispute falls within the scope of the provision.[10] Trenchless concludes that, because the parties have "never participated in a mediation,"[11] the court should dismiss ERC's action so that the parties may mediate and arbitrate their conflict as required by the Agreement.[12] ERC responds that Trenchless waived its contractual right to mediation and arbitration under the Agreement by failing to pay what it owed for years and forcing ERC to undertake the expense of pursuing litigation.[13] To support its

---

[5] Employee Retention Credit Services Agreement ("Agreement") 2–3, ECF No. 13-1, filed July 10, 2025.
[6] *Id*. at 4.
[7] *Id*. at 5.
[8] Compl. ¶ 25.
[9] MTD 1.
[10] *Id*. at 4.
[11] *Id*. at 2.
[12] *Id*. at 4.
[13] Pl. Opp'n to Mot. to Dismiss ("Opp'n") 4, ECF No. 13, filed July 10, 2025.

argument, ERC attached several exhibits to its Opposition that allegedly detail communications between ERC and Trenchless relating to the Agreement, the parties' performance, and attempts to engage in mediation.[14] As explained below, the court will consider the Agreement but not ERC's additional exhibits.[15]

## STANDARD

"Dismissal under Rule 12(b)(6) is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face."[16] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] "In evaluating a motion to dismiss, the court must take as true all well-pleaded facts, as distinguished from conclusory allegations, view all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings."[18] Conclusory statements and legal conclusions are "not entitled to the assumption of truth."[19] Generally, "a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings."[20] "However, notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, 'the district court may consider documents referred to in the complaint if the documents are

---

[14] Exhibits, ECF Nos. 13-2, 13-3, 13-4, filed July 10, 2025.

[15] *See Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007).

[16] *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019) (citing *United States ex rel. Reed v. KeyPoint Gov't Sols.,* 923 F.3d 729, 764 (10th Cir. 2019)).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

[18] *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1130–31 (10th Cir. 2024) (quoting *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021)) (also quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)) (cleaned up).

[19] *Iqbal*, 556 U.S. at 1951 (emphasis omitted).

[20] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir.1999)).

central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[21]
Courts may also consider "documents that the complaint incorporates by reference"[22] and
"documents attached as exhibits to the complaint."[23]

## DISCUSSION

Here, Trenchless has moved to dismiss under Rule 12(b)(6) for failure to state a claim.[24]
In its opposition to the Motion to Dismiss, ERC includes several exhibits purporting to show
communications between the parties over the course of several years relating to performance
under the Agreement and attempts at mediation and arbitration.[25] Because these exhibits and the
communications they relate to are not included in or referenced by ERC's Complaint and are not
central to its claims,[26] the court does not consider them in ruling on this 12(b)(6) Motion to
Dismiss.[27] Conversely, the court may consider the Agreement itself because it is the central basis
for ERC's claims, is referenced by the Complaint, and is attached to the Complaint as an
exhibit.[28]

ERC's Complaint alleges two causes of action, breach of contract and unjust
enrichment.[29] However, in its Motion to Dismiss, Trenchless does not argue that ERC's
Complaint lacks sufficient facts to make the breach of contract and unjust enrichment claims
"plausible on [their] face."[30] Instead, Trenchless bases its 12(b)(6) motion entirely on the

---

[21] *Id.* (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).
[22] *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (citing *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007)).
[23] *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).
[24] MTD 1.
[25] Opp'n 2; *see also* Exhibits.
[26] *See generally* Compl.
[27] *See Alvarado,* 493 F.3d at 1215.
[28] *See* Compl. ¶ 3.
[29] *Id.* at ¶¶ 26–43.
[30] *Abdi*, 942 F.3d at 1025.

existence of the "Mediation and Arbitration" clause in the Agreement, claiming that this clause is a "condition precedent to any further rights Plaintiff has to the resolution of its claims."[31] The Motion to Dismiss is therefore predicated on an alleged affirmative defense arising out of a contractual right rather than on the sufficiency of ERC's pleadings and factual allegations.

Affirmative defenses must usually be "pled in the Defendant's answer, not argued on a motion to dismiss."[32] However, an affirmative defense can be the basis for a 12(b) motion to dismiss if "the defense appears plainly on the face of the complaint itself."[33] Thus, "where there is no disputed issue of fact raised by an affirmative defense, or the facts are completely disclosed on the face of the pleadings, and realistically nothing further can be developed by pretrial discovery or a trial on the issue raised by the defense it is appropriate and expedient to dispose of a claim by a motion to dismiss under Rule 12(b)."[34] It is only appropriate to dismiss a claim in this manner when "the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements."[35] For example, in *Frost v. ADT, LLC*, the parties had a contract that created a one-year statute of limitations to take legal action based on the contract.[36] The court allowed the contractual statute of limitations to serve as the basis for a motion to dismiss against a suit brought after one year because it raised "no disputed issue of fact" and could not be further developed or disputed by "pretrial discovery or a trial on the

---

[31] MTD 1.

[32] *Vigil v. Doe*, 405 F. Supp. 3d 1058, 1067 (D.N.M. 2019).

[33] *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965).

[34] *Frost v. ADT, LLC*, 947 F.3d 1261, 1267 (10th Cir. 2020).

[35] *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018); *see also Xechem, Inc. v. Bristol–Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) ("Only when the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense—may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6).").

[36] *Frost*, 947 F.3d at 1265 (also noting that, while "some affirmative defenses may present more difficult questions, the statute of limitations defense is unusual in that its effectiveness may well appear on the face of the complaint").

issue."[37] In contrast, a motion to dismiss based on the affirmative defense of res judicata was denied in *Miller v. Shell Oil Co.* because the court would be required to consider "evidentiary matter outside the complaint" to determine the validity of the defense.[38]

Here, the "Mediation and Arbitration" clause is insufficient to support a 12(b)(6) motion. Neither party seems to dispute the validity of the Agreement, including the "Mediation and Arbitration" provision.[39] But this is not the end of the analysis.[40] Under Utah law,[41] the question of whether a party has waived its contractual right to mediation and arbitration is "factual in nature" and "should be reviewed as factual determinations."[42] ECR's Complaint incorporates the Agreement, but it makes no specific reference to the "Mediation and Arbitration" provision and provides no facts relating to any claim of waiver.[43] However, the issue of contractual waiver makes up the bulk of ECR's Opposition[44] and Trenchless's Reply.[45]

Because the Complaint contains no facts, references, or documents relating to any alleged waiver of the "Mediation and Arbitration" clause, it cannot be said that the Complaint "admits all the elements" of an arbitration defense "by alleging the factual basis for those elements."[46] It may be that Trenchless has not waived any rights and is therefore entitled to arbitration, but it

---

[37] *Id.* at 1267.

[38] *Miller*, 345 F.2d at 893.

[39] MTD 2; Opp'n 2.

[40] *See Malarky Enters., Inc. v. Healthcare Tech., Ltd.,* 153 F.3d 727 (10th Cir. 1998) (unpublished) ("[E]ven though all now agree there was a distributor contract between Malarky and Healthcare, which contract contained the arbitration clause set forth above, such, of course, does not dispose of the matter. In this regard, it is Malarky's further position . . . that Healthcare . . . waived the arbitration clause contained therein.").

[41] Because the Agreement contains an express choice of law provision selecting Utah law, Agreement, ECF No. 13-1 at 5 ¶ 14, the court will apply Utah law if and when it is required to substantively interpret the parties' rights under the Agreement. *See DevIntent LLC v. HeroDevs, LLC*, No. 2:22-CV-00698-RJS, 2022 WL 17690152, at *3 n.31 (D. Utah Dec. 15, 2022).

[42] *Chandler v. Blue Cross Blue Shield of Utah*, 833 P.2d 356, 360 (Utah 1992).

[43] *See generally* Compl.

[44] Opp'n 3–6.

[45] Reply 2–7.

[46] *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018).

may also be true that a waiver has occurred. There are insufficient factual allegations in the Complaint for the court to make such "factual determinations,"[47] on this record. ERC's attempt to add evidentiary support for its waiver claims in its Opposition also indicates that the issue of arbitration rights and waiver could reasonably "involve disputed issue[s] of fact" and would be further developed by "pretrial discovery or a trial on the issue."[48] Thus, an arbitration defense does not "appear[] plainly on the face of the complaint itself"[49] such that all its elements and the "factual basis for those elements"[50] are admitted. Accordingly, Trenchless has not shown that the Complaint should be dismissed.

Both parties make additional arguments regarding public policy,[51] waiver and prejudice,[52] and whether the case should be stayed while the parties arbitrate.[53] Such arguments might be relevant if the court were considering a motion to compel arbitration.[54] Utah law requires courts faced with a motion to compel arbitration to "summarily . . . decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate."[55] However, no such motion is before this court. Trenchless has simply asked the court to dismiss the case under Rule 12(b)(6) for failure to state a claim.[56]

---

[47] *Chandler*, 833 P.2d at 360.
[48] *Frost*, 947 F.3d at 1265.
[49] *Miller*, 345 F.2d at 893.
[50] *Fernandez*, 883 F.3d at 1299.
[51] MTD 3; Opp'n 3, 7.
[52] Opp'n 3–6; Reply 2¬7.
[53] Opp'n 6–8.
[54] See, e.g., *Chandler v. Blue Cross Blue Shield of Utah*, 833 P.2d 356, 358–60 (Utah 1992) (discussing public policy and waiver considerations in the context of a motion to compel arbitration).
[55] Utah Code Ann. § 78B-11-108.
[56] *See Mittal Well Tech, LLC v. Pro. Well Servs., Inc*., No. CIV-08-697-D, 2008 WL 5111160, at *2 (W.D. Okla. Dec. 2, 2008) ("The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face. A Rule 12(b)(6) motion is not the proper procedural device to request dismissal for enforcement of a state court order to arbitrate. If Movants are seeking to compel arbitration, a motion for an order compelling arbitration could have been filed.").

Trenchless does not argue that ERC's Complaint "lacks enough facts to state a claim to relief that is plausible on its face."[57] Rather, Trenchless argues that the "Mediation and Arbitration" provision of the Agreement precludes any litigation as an affirmative contractual right.[58] Because contractual arbitration rights may be waived,[59] and because such a waiver has been alleged by ERC and cannot be confirmed or denied based solely on the "face of the pleadings,"[60] the court cannot say that "the complaint itself admits all the elements of the [arbitration] defense by alleging the factual basis for those elements."[61] Thus, dismissal under Rule 12(b)(6) is not proper.

**ORDER**

Trenchless's [6] Motion to Dismiss ERC's Complaint is DENIED.


Signed August 28, 2025.


BY THE COURT

_____

David Barlow
United States District Judge

---

[57] *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019).
[58] *See generally* MTD.
[59] See, e.g., *Chandler*, 833 P.2d at 360.
[60] *Frost v. ADT, LLC*, 947 F.3d 1261, 1267 (10th Cir. 2020).
[61] *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018).